CASE No. 982.

SULLIVAN v. SULLIVAN MANUFACTURING COMPANY.

1. Demurrer to complaint upon the ground that several causes of action have been improperly united, does not raise the question whether the plaintiff, under the facts stated, is entitled to any or all of the relief which he demands.

2. Therefore, where two causes of action were not improperly united, the demurrer was overruled, without any inquiry as to the different kinds of relief demanded, or whether such relief was appropriate to the case made by the allegations of the complaint.

3. There is no misjoinder of causes of action where a single action is brought ·upon a note and upon an account, against a debtor corporation, and also against its directors, who are made, by the act of incorporation (under

certain contingencies alleged in the complaint to have happened) jointly and severally liable for all debts of the corporation.

4. The liability of the directors under this statute—the general incorporation act, General Statutes, Chapter LXIV.—arises *ex contractu,* not *ex delicto.*

5. The permission given to creditors by Section 35 of this chapter, to sue the corporation and the directors, separately, does not forbid their joinder in one action.

6. The action may be single, although, under the provisions of Section 33, the liability of the corporation and of the directors, may not be co-extensive; the judgments may be separate, if necessary.

Before Thomson, J., Greenville, April, 1880.

Action commenced February 17th, 1880, by Hewlet Sullivan against the Sullivan Manufacturing Company, William D. Sullivan, assignee, and G. W. Sullivan, Sr., G. W. Sullivan, Jr., D. D. Moore, and P. P. Cureton, as directors. The case is sufficiently stated in the opinion of this court.

*Mr. M. F. Ansel,* for appellant.

The Court of Equity has no jurisdiction in this case, and this objection never comes too late. *Rich. Eq. Cas.* 249; 14 *Rich. Eq.* 154. It is of no consequence in what way this objection is taken. *Chev.* 5. The plaintiff cannot sue here, because he has no judgment; he has not exhausted his legal remedies. 1 *S. C.* 96; 14 *Rich. Eq.* 154; 2 *McC. Ch.* 416; 4 *Rich. Eq.* 198; 1 *S. C.* 192; 12 *S. C.* 461; 13 *S. C.* 449. The assignment by the corporation does not dissolve it, nor put it upon the footing of a person deceased. *Burr. on Assign.* 85, 401, (3d ed.) Here several causes of action have been improperly joined together. *Wiles* v. *Suydam,* 64 *N. Y.* 173; 53 *Barb.* 238–245; *Pomeroy's Rem.,* §§ 474–5; 1 *N. Y.* 47–76; 35 *N. Y.* 412.

See 14 *Stat.* 299, § 35, and *Code,* § 190.

*Messrs. W. E. Earle* and *J. S. Cothran,* same side.

*Mr. W. H. Perry,* contra.

March 5th, 1881.    The opinion of the court was delivered by

McIver, A. J.    This was an action on a note made by the defendant company to the plaintiff, and on an account for cotton sold and delivered by the plaintiff to said company.    The plaintiff, in his complaint, alleged the creation of the corporation under an act entitled "An act to regulate the formation of corporations," passed December 10th, 1869, which is incorporated in the General Statutes, Chapter LXIV., p. 356; the making of the note; the sale and delivery of the cotton; that the corporation is insolvent; that the defendant, George W. Sullivan, Sr., claims that the corporation is indebted to him in a very large amount, which claim, the plaintiff alleges, is fraudulent, pretensive and without consideration; that the defendants named as such are directors of the corporation; that the officers of the corporation have executed a deed of assignment of all of the property of the corporation to the defendant, William D. Sullivan, which is alleged to be fraudulent, null and void, and made with intent to defraud the creditors of said corporation; that the defendants who are named as directors, by virtue of certain acts and omissions set out in the complaint, have become jointly and severally liable for the debts of the corporation, and that the members or stockholders of said company have likewise become jointly and severally liable for the debts of the company, by virtue of certain provisions of the act under which the company was formed, and that the provisions of the charter of said company have been violated in many other particulars not specifically set forth.    The plaintiff then demands judgment: *First.* Against the company for the amount due on the note and account.    *Second.* Judgment against the defendants named as directors for the said amount.    *Third.* That the corporation be dissolved.    *Fourth.* That the assignment to William D. Sullivan be set aside.    *Fifth.* That the company and its officers be restrained from exercising any of its corporate rights, from collecting any debts due to or paying any debts due by said company, or in any way disposing of the effects of the company.    *Sixth.* That a receiver may be appointed.    *Seventh.* For such other and further relief as may be just.    To this complaint separate demurrers, accompanied by separate answers, have been filed by

the corporation, by George W. Sullivan, Sr., and by George W. Sullivan, Jr.; all of the demurrers being upon the ground that several causes of action have been improperly united in the complaint. The Circuit judge overruled the demurrers, and from his judgment this appeal has been taken.

It will thus be seen that the only question before us is, whether the demurrers were properly overruled, and, therefore, many of the questions discussed in the argument growing out of the merits of the case, are not properly before us and cannot now be considered.

The sole question raised by the demurrers is, whether several causes of action have been improperly joined in the complaint? and to that question we propose strictly to confine our attention. To determine this question it will be necessary to inquire, first, what are the causes of action in this case? and next, whether they are such as can be properly joined? Pomeroy, in his work on Remedies, after adverting to the difficulty of giving any precise definition of the term "cause of action," proceeds, in Section 453, p. 487, to say: "Every judicial action must, therefore, involve the following elements: A primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty. * * * Of these elements the primary right and duty and the delict or wrong combined, constitute the cause of action in the legal sense of the term, as used in the codes of the several states." And again: in Section 519, p. 555, he says: "The cause of action, therefore, must always consist of two facts. *First.* The plaintiff's primary right and the defendant's corresponding primary duty. * * * *Second.* The delict or wrongful act or omission of the defendant by which the primary right and duty have been violated. * * * The primary right and duty, by themselves, are not the cause of action, because, when existing by themselves unbroken by the defendant's wrong, they do not give rise to any action. * * * Much less can the delict or wrong by itself be the cause of action, because, without the primary right and duty of the parties to act upon, it does not create any right of action or remedial right."

2 I

In *Bliss on Code Pleading*, § 113, it is said : " We have defined an action to be a proceeding for the prevention or redress of a wrong. The cause of action, then, is the wrong.   *   *   * The wrong may be done by the denial or by the refusal to respond to an obligation." And, in Section 126, the same author says : " The cause of action has been described as being a legal wrong committed against, or an infringement of, some legal right of the complaining party." Both of these writers on the code warn us, in considering questions like the one now under consideration, against confounding " the cause of action " with " the object of the action." The latter is confined to the relief sought, and it is very obvious that for a single cause of action different kinds of relief may be obtained. It is especially important, in this case, to keep this distinction in mind ; for, as the Circuit judge has well said : " An examination of the grounds of the demurrers will disclose that the objections are not so much to causes of action improperly united as to several but connected modes of relief sought by the plaintiff ;" and certainly in the argument here, on behalf of the appellant, this distinction was ignored. The question before us is not whether the plaintiff is entitled to all or any portion of the relief demanded in his complaint, or whether he has stated a case under which he can properly demand all or any of the relief asked for, but our sole inquiry is, whether he has joined several causes of action which cannot properly be united in the same action. What, then, are the causes of action in the case under consideration ? What are the primary rights of the plaintiff, which he alleges have been violated, and what are the corresponding primary duties of the defendants which are alleged not to have been performed ? What are the legal wrongs which are alleged to have been committed by the defendants against the legal rights of the plaintiff? These are the questions for us to consider, and they must not be confounded with any inquiry into the different kinds of relief demanded by the plaintiff, or whether all or any portion of such relief is inappropriate to the case made by the plaintiff's allegations. Looking at these questions in the light of the principles laid down by the two standard authors upon the subject of pleading under the code, from whose works the above citations have

been made, it seems plain that the primary rights asserted by the plaintiff are to have payment of the two debts mentioned in his complaint—the note and the account—and the primary duties which, he alleges, devolve not only upon the corporation, but also upon the other defendants, are to pay those debts, which duties, he alleges, have not been performed. The causes of action are the legal wrongs alleged. to have been done in violation of the plaintiff's legal rights by withholding payment of the two debts mentioned in the complaint, and these wrongs are alleged to have been done by the defendants, who are named as directors, as well as by the corporation itself. Practically, therefore, the allegations of the plaintiff amount to this : that he holds two claims against the defendant company, one in the form of a note, and the other in the form of an open account, which the other defendants, who are named as directors, by reason of certain acts and omissions on their part, are also liable to pay. It seems to us clear that there is no improper joinder of different causes of action here, any more than there would be if a creditor holding two notes against the same person, on which there were the same sureties, should bring an action on these notes against the principal debtor and the sureties jointly. Both causes of action, in this case, arise out of contract, and the breaches alleged are that all of the defendants being under obligation to perform the contracts—the corporation by reason of its promises, and the directors by reason of having done and omitted to do the acts alleged against them in the complaint, which, under the charter, makes them also liable for the debts of the company—have failed to perform those obligations.

The plaintiff's cause of action arising out of the note, consists of the two elements : *First.* His right to receive payment of the amount mentioned therein. *Second.* The failure of the parties, whose duty it was to make such payment, to perform that duty ; and the fact that the duty of the corporation to pay springs from its promise, while that of the directors arises from certain acts and omissions which, under the charter, devolve this duty upon them also, can make no difference. They—both corporation and directors—have violated the same right of plaintiff to have payment of his debt, and the cause of action against both is, in fact,

the same. The legal wrong done to the plaintiff is done alike by the directors as by the corporation. The same remarks will apply to the cause of action growing out of the account.

It is argued, however, that the liability of the directors under the charter does not rest upon contract, but is for a *tort*, or is in the nature of *tort*, while that of the corporation confessedly grows out of contract. We cannot concur in this view.

The language of the act is, that on the contingencies named therein, the directors "shall be jointly and severally liable for all debts," &c. This language is not appropriate to the purpose of imposing a penalty, but rather conveys the idea that, on the contingencies mentioned, the directors shall be regarded as having assumed the payment of the debts of the company. It does not declare that they shall forfeit a certain sum of money, or the amount of their stock, or that they shall pay a certain penalty, but that they shall become liable for the payment of the debts— that is, they shall assume the payment of them. When these defendants accepted the position of directors of a company, organized under an act declaring that, in certain contingencies, they should become liable for the debts of the company, they must be regarded as having agreed that, if such contingencies should happen, they would pay the debts of the company. Their liability, therefore, must be regarded as arising *ex contractu* and not *ex delicto*. This view is strengthened by the language used in Section 35 of the act under which the defendant company was organized : "When any of the officers of such a company are liable to pay the debts of the company, or any part thereof, any person to whom they are so liable may have an action against any one or more of said officers, and the complaint in such action shall state the claims against the company and the grounds on which the plaintiff expects to charge the defendants personally ; and such action may be brought notwithstanding the pendency of an action against the company for the recovery of the same claim or demand, and both of the actions may be prosecuted until the plaintiff obtains payment of his debt and the costs of both actions." This language clearly implies that the action against the officers is an action *ex contractu* and not an action *ex delicto*,

sounding in damages ; that it is brought to recover the amount of the claim or demand, and not a penalty or forfeiture.

Again, it is argued that the provisions of the section just quoted imply that the corporation and the directors cannot be sued in the same action. We think the inference is the other way. The language of the section is permissive merely, not imperative. It does not forbid uniting these parties in the same action, it only permits a separate action to be brought against the officers, while another action is pending against the corporation for the same claim or demand, and the very fact that the legislature thought it necessary to grant such permission implies that, without it, the action would have to be joint.

This section also shows clearly another thing, which meets one of the points made in the argument here, and that is that it is not necessary to establish the debt against the corporation before commencing action against the officers.

It is very true that the liability of the directors may not be co-extensive in amount with that of the corporation. For example, a failure to comply with the provisions of Section 33 does not render the directors liable to pay the whole amount of the debts of the company, but only makes them liable to the extent which such debts exceed double the amount of the capital stock paid in, but this constitutes no objection to their being joined in the same action with the corporation, inasmuch as there is no difficulty under the code in entering separate judgments against several defendants. *Trimmier* v. *Thomson,* 10 *S. C.* 164.

It may be that no judgment should be rendered in this case in favor of the plaintiff until all the creditors of the corporation are called in, and that no judgment can be rendered against the defendants *as stockholders* (although no such judgment seems to be demanded,) until all the other stockholders are made parties, but there is no demurrer for defect of parties, and these questions are not now properly before us, and need not, therefore, be considered.

The judgment of the Circuit Court overruling the demurrers is affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.